# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CSX TRANSPORTATION, INC., | ) |
| Plaintiff, | ) |
| vs. | ) |
| FIVE STAR ENTERPRISE OF ILLINOIS, INC. and ROBERT OLESIAK, | ) |
| Defendants. | ) |
| FIVE STAR ENTERPRISE OF ILLINOIS, INC., | ) Case No. 16 C 9833 |
| Counterclaim Plaintiff, | ) |
| and | ) |
| MT LOGISTICS INC. | ) |
| Counterclaim Plaintiff-Intervenor, | ) |
| vs. | ) |
| CSX TRANSPORTATION, INC., | ) |
| Counterclaim Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

CSX Transportation, Inc., a rail carrier, has sued Robert Olesiak and Five Star Enterprise of Illinois, Inc., a shipping company Olesiak owns. In count 1, CSX alleges Five Star failed to pay interstate rail freight charges. In count 2, CSX alleges Olesiak fraudulently induced CSX into a credit agreement with Five Star that was actually to the

advantage of Olesiak's other shipping business, MT Logistics Inc. In count 3, CSX contends Olesiak continued to defraud CSX after the credit agreement was formed. Olesiak has moved to dismiss counts 2 and 3.

**Background**

The Court takes the following background from CSX's complaint, which it takes as true for purposes of resolving Olesiak's motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In March 2016, Olesiak entered into a credit agreement with CSX. Olesiak represented to CSX that he was entering into the agreement on behalf of Five Star. The agreement allowed Five Star to ship freight via CSX without prepaying the costs of shipment.

CSX alleges that although Olesiak represented that he was entering into the agreement on Five Star's behalf, he actually intended to ship freight from MT, not Five Star, using the credit provided under the agreement. Olesiak misrepresented MT's role because he believed CSX was unlikely to extend credit to MT, which was a new, unproven business. As part of the credit agreement, Olesiak gave CSX the bank information of MT but told CSX that it was the information of Five Star. CSX alleges that Olesiak never disclosed that he intended to use the Five Star credit agreement for MT's benefit.

Between April and July 2016, CSX shipped goods at Olesiak's request, ostensibly on behalf of Five Star. CSX alleges that, while it was unknowingly making shipments for MT, Olesiak did not charge customers a sufficient rate to allow for payments to CSX for these services. Olesiak continued to request CSX's shipping

services even though, with each request, he knew that MT could not compensate CSX for the services it provided under the credit agreement. In total, CSX was not paid for $183,107 of shipping services, exclusive of finance or other charges.

## Discussion

Olesiak has moved to dismiss CSX's fraudulent inducement and fraud claims for failure to state a claim. Federal Rule of Civil Procedure 9(b) requires a claim of fraud or fraudulent inducement to include "the who, what, when, where, and how: the first paragraph of any newspaper story." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).

The first issue is whether the Court can consider the additional documents Olesiak submitted with his brief in support of the motion to dismiss. "[D]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim. Such documents may be considered by a district court in ruling on the motion to dismiss." *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994). Olesiak submits five documents with his motion to dismiss: a resolution of the MT board of directors authorizing the sale of MT stock, an MT stock purchase agreement, a list of clients MT served, a record from the California Secretary of State, and a bank statement from MT's account. None of these documents are referenced in the complaint. Moreover, although the documents may be *relevant* to Olesiak's claims, none is *central* to the claims. For these reasons, the Court does not consider the additional documents submitted by Olesiak. Thus the Court also need not consider the documents CSX submitted in response or Olesiak's argument about the weight that should be accorded to his deposition testimony, which CSX

offered.

The second issue is whether counts 2 and 3 state a claim. Olesiak contends that CSX has not alleged two elements required for a fraud claim. "In Illinois, fraudulent inducement requires proof of five elements: (1) a false statement of material fact; (2) known or believed to be false by the person making it; (3) an intent to induce the other party to act; (4) action by the other party in reliance on the truth of the statement; and (5) damage to the other party resulting from such reliance." *Hoseman v. Weinschneider*, 322 F.3d 468, 476 (7th Cir. 2003) (internal quotation marks and citation omitted). Fraud requires proof of virtually identical elements. *See State Sec. Ins. Co. v. Frank B. Hall & Co.*, 258 Ill. App. 3d 588, 591-92, 630 N.E.2d 940, 943 (1994). Olesiak argues that CSX has not adequately alleged two elements common to both claims: a false statement of material fact or an injury.

First, Olesiak argues that CSX has not alleged false statements of material fact to support either claim. The Court disagrees. For count 2, CSX alleged that Olesiak fraudulently induced CSX to sign the credit agreement representing that he was signing on behalf of Five Star, when he intended MT to benefit. Olesiak disputes this allegation in a number of ways. He contends that he did not make a false statement to CSX at the time he signed the credit agreement, because, at that time, he did not yet own MT; MT actually had good credit at the time; and CSX knew that it was shipping goods from MT, not Five Star. In support of these contentions, Olesiak introduces several exhibits, as the Court previously noted. But all of these factual arguments are premature: on a motion to dismiss under Rule 12(b)(6), the Court's inquiry is whether CSX has alleged claims of fraudulent inducement and fraud, not whether CSX can prove those claims.

4

CSX has adequately alleged that Olesiak made a materially false statement as part of its fraudulent inducement claim. Likewise, for count 3, CSX has alleged that, after the agreement was executed, Olesiak fraudulently represented to CSX that Five Star would pay the company for the shipping services received on credit, even though he knew that MT, which actually received CSX's services, was not charging enough to cover the cost of those services. The Court concludes that CSX has adequately alleged false statements sufficient to support counts 2 and 3.

Second, Olesiak argues that CSX has not alleged an injury to support either claim, but the Court also finds this argument unconvincing. For count 2, CSX alleges it was fraudulently induced into providing shipment services on credit to MT, a new and insolvent entity it might have otherwise required to prepay for shipments. CSX alleges it was injured, as MT never paid for $183,107 in services wrongly obtained on credit. Similarly, for count 3, CSX alleges that Olesiak engaged in fraud after the credit agreement was executed, as he continued to represent to CSX that it would be paid, even though he knew MT would be unable to pay for the shipping services. CSX contends that this fraud led it to continue to ship on credit, causing an injury in the form of the same unpaid balance. Olesiak's memorandum supporting the motion to dismiss seemingly ignores these allegations when it contends that CSX has failed to allege an injury.

The third issue is whether the Court should dismiss counts 2 and 3 on the ground that Olesiak, as a corporate officer, is not liable for corporate misconduct. The officer of a corporation may be held liable for the conduct of the corporation only if the officer "participated" in the conduct giving rise to corporate liability. *Prince v. Zazove*, 959 F.2d

5

1395, 1401 (7th Cir. 1992). In *Itofca, Inc. v. Hellhake*, 8 F.3d 1202 (7th Cir. 1993), the Seventh Circuit held that a corporate officer who personally negotiated the terms of a contract that gave rise to a tortious interference claim had "participated" in the claim. *Id.* at 1204-05.

CSX has adequately alleged that Olesiak participated in the fraudulent conduct underlying counts 2 and 3. CSX alleges that Olesiak executed the purportedly fraudulent credit agreement with CSX; he provided CSX with what he represented to be Five Star's bank information, but was really that of MT; and he deliberately withheld MT's role, as he believed CSX would not approve MT for the credit agreement that Five Star obtained. CSX has more than adequately alleged that Olesiak personally participated in the fraudulent misconduct, so the Court declines to dismiss counts 2 and 3 on this ground.

Nor is the Court convinced by Olesiak's reliance upon *On Command Video Corp. v. Roti*, 705 F.3d 267 (7th Cir. 2013), which addresses when a court may hold the owner of a corporation personally liable for the debts of the corporation. *Id.* at 272. This is a different question from that before the Court: whether a corporate officer may be held liable for corporate misconduct (here, the misrepresentations Olesiak allegedly made while acting on behalf of Five Star).

## Conclusion

For the foregoing reasons, the Court denies Olesiak's motion to dismiss counts 2 and 3 [dkt no. 69] and directs Olesiak to answer those claims by April 16, 2018.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: April 6, 2018

6